NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMMA MONICA, | No. 17-16328 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-04857-BLF |
| v. | |
| BRYAN WILLIAMS, Badge No. W7269; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted May 22, 2020[**]

Before: SCHROEDER, CANBY, and TROTT, Circuit Judges.

Martin Monica's widow Emma appeals the district court's partial summary

judgment for defendant police officers in Martin's 42 U.S.C. § 1983 action

alleging constitutional violations arising out of a traffic stop. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Arce v. Douglas*, 793 F.3d 968, 975-76 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment to the defendants based on qualified immunity on Monica's Fourth Amendment claims involving the initial traffic stop.  Williams's conduct did not violate a clearly established right. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity).  An officer's mistake of fact "will not render a [traffic] stop illegal, if the objective facts known to the officer gave rise to a reasonable suspicion that criminal activity was afoot." *Liberal v. Estrada,* 632 F.3d 1064, 1077 (9th Cir. 2011) (quoting *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002)).

Construing all the facts in the light most favorable to Monica, it would not have been clear to a reasonable police officer under the totality of the circumstances that reasonable suspicion did not exist to stop Martin for failure to have a front license plate in violation of California Vehicle Code § 5200(a).  Those salient circumstances included the undisputed facts that (1) the incident occurred at night, (2) the front bumper was missing, and (3) Martin admitted that, although affixed to the front of his car, the plate was attached to the car's body in a way that could make it difficult to see at night.  His deposition testimony was as follows:

> Q:     (Haeberlin) In your opinion, would somebody seeing that
> at night not necessarily immediately recognize that as the

license plate?

> A: (Martin) Yes, because the way it was pushed back, um, you know, it's not a normal, in the sense, phewt, out. So if you're not looking for it in that capacity, you could have a difficulty in recognizing it.

> Q: (Haeberlin) So you don't fault the officers for suspecting that you didn't have a front license plate, you fault them for not checking it after you told them, "go look at it, it's there"?

> A: (Martin) Correct.

Moreover, a traffic stop for a violation of the Vehicle Code is permissible under the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 810 (1996) (decision to stop an automobile is reasonable under the Fourth Amendment where the police have probable cause to believe that a traffic violation has occurred); *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002) (noting that "reasonable suspicion" is a lower standard than probable cause).

The district court also properly granted summary judgment to the defendants on the basis of qualified immunity on Monica's Fourth Amendment claims arising from Martin's detention following the traffic stop. It would not have been clear to a reasonable police officer that reasonable suspicion to detain Martin temporarily on suspicion of impersonating a police officer did not exist under the totality of the circumstances, which included (1) Martin's allegedly unusual conduct in response to being stopped for the § 5200(a) violation, (2) Martin's inability to provide documentation to confirm that he was a retired police officer and police chief, and

17-16328

(3) defendant Williams's official knowledge that Martin had been previously suspected of impersonating a police officer at a traffic stop in 2006. *See Ashcroft*, 563 U.S. at 735; *United States v. Evans*, 786 F.3d 779, 786, 788 (9th Cir. 2015) (when stopping an individual for a minor traffic violation, an officer's mission includes ordinary inquiries incident to the traffic stop; officer may prolong stop if prolongation itself is supported by independent reasonable suspicion). Contrary to Monica's contention, defendants were not required to be aware of each element of any putative crime prior to detaining him. *See Evans*, 786 F.3d at 788; *see also Arvizu*, 534 U.S. at 273 (2002).

The district court correctly exercised its discretion in denying Monica's motion for a new trial. Our examination of the record does not support his allegations that the district court was biased against him. We discern nothing more than the usual rough and tumble of a trial, certainly nothing that would justify a new one. *See Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017) (setting forth standard of review); *see also Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (judicial rulings, or opinions formed on the basis of facts introduced or events occurring in the course of current proceedings, almost never constitute a valid basis for a bias motion).

**AFFIRMED.**

17-16328